## SAVAGE *vs.* TODD and others.

Where two persons are sued at law upon a joint contract which is alleged to be void for usury, one of them cannot file a bill in chancery, against the plaintiff in the suit at law, for the mere purpose of availing himself of the testimony of his co-defendant to establish the usury.

But where the defence is personal as to one of the defendants in the suit at law, and such defence can only be established by the testimony of the co-defendant, the former may file a bill in chancery for relief, to enable him to obtain the testimony of the latter.

**May 3.** THE bill in this cause was filed to restrain the executors of J. Birdseye, deceased, from prosecuting a suit at law against the complainant and the defendant Bacon, upon a joint note executed by both ; and to have such note delivered up and cancelled, on the ground of usury. An answer from the defendants upon oath was waived, and the sole object of coming into this court for relief was to enable the complainant to avail himself of the testimony of his co-defendant in the suit at law, to establish the usury. The executors demurred to the bill, which demurrer was overruled by the vice chancellor ; from which decision they appealed.

*C. P. Kirkland,* for the appellants.

*S. Beardsley,* for the respondent.

THE CHANCELLOR. In the case of *Miller* v. *McCan,* (7 *Paige's Rep.* 451,) in which the court sustained a bill to enable the complainant to avail himself of the testimony of a witness who was sued jointly with him in an action at law, the defence was personal as to the complainant. The suit was also on a joint and several note, in which the witness might have been sued alone. Here the note is joint, and there can be no defence in equity or at law

which does not relate to both defendants equally. And if, as the complainant alleges, Bacon was the principal debtor he is bound to indemnify the complainant, and cannot therefore be examined as a witness in his favor. It is true he might be released by the complainant so as to remove that objection, if it were the only one. But even in that case the complainant should have alleged in his bill that he had released Bacon, or at least that he intended to release him from his liability.

It is a fatal objection, however, to the complainant's bill that no decree can be made in this case, founded on Bacon's testimony, which would not be a bar to the further continuance of the suit upon the note, as against himself. (*Woods* v. *Skinner*, 6 *Paige's Rep.* 76.) For if the court declares the note usurious and void as to one of the joint makers thereof it is necessarily void as to both. Indeed, if such a bill can be sustained, one of two or more defendants in a joint contract of any description, in which there is alleged to be a good defence as to all, may come into this court for relief as to himself, and may use the other joint contractors as witnesses in his favor. That, I think, would be extending the jurisdiction of this court further than it has ever yet gone, and would be more likely to produce injustice than equity.

The order appealed from must therefore be reversed. And the demurrer must be allowed, and the complainant's bill dismissed with costs. But without prejudice to the complainant's defence, if he has any, in the suit at law.

Decree accordingly.